816 F.2d 682
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gordon SAWYER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-1456.
 United States Court of Appeals, Sixth Circuit.
 April 14, 1987.
 
 Before ENGEL, KRUPANSKY and GUY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff appeals from the Secretary's decision denying Social Security disability benefits. On appeal, Sawyer alleges that the Secretary's decision was not supported by substantial evidence, and more particularly, that the medical evidence of record shows that he meets the listing of impairments contained in 20 C.F.R., Part 404, Subpart P, Appendix 1, Sec. 4.04 A. Upon a review of the record, we conclude that there is substantial evidence to support the Secretary's decision and reject Sawyer's contention that he is qualified for benefits on the basis of Sec. 4.04 A.
 
 I.
 
 2
 At the time of the hearing before the administrative law judge (ALJ), Sawyer was 54 years of age, separated from his wife, and had no children under 18 years of age. He had an eighth grade education. Sawyer had worked as a truck driver for 37 years. In 1982, the company he had worked for went into bankruptcy and he lost his job. At almost the same time that he lost his job, he suffered a heart attack. He was hospitalized for nine days, and his discharge diagnosis was acute nontransmural myocardial infarction. Prior to discharge, Sawyer performed a low level stress test without difficulty and had responded well to cardiac rehabilitation.
 
 
 3
 In September of 1982, Sawyer was given another stress test as part of his follow-up treatment by a cardiologist. This test demonstrated a borderline abnormal ST segment response to submaximal stress and very low cardiorespiratory fitness with marked functional aerobic impairment. The aerobic impairment was related to being overweight, leading a sedentary existence, and smoking. Blood pressure response to stress testing was normal.
 
 
 4
 On October 6, 1982, Sawyer had a heart catherization. The coronary angiogram revealed subtotal stenosis of a small obtuse marginal branch of the circumflex coronary artery, minor luminal irregularities of the circumflex and left anterior descending coronary arteries, and a small nondominant right coronary artery.
 
 
 5
 Ever since his 1982 myocardial infarction, Sawyer has experienced periodic chest pains which he treats with NitroDur pads and Nitroglycerin. Sawyer states he had two heart attacks in 1984, but there is no medical documentation for this claim. He was admitted to the hospital twice in early 1984 complaining of chest pains; however, insofar as the chest pains are concerned, the medical records support the ALJ's conclusion that
 
 
 6
 [t]he claimant's history of chest pain as reflected in the record is inconsistent with his testimony of having continuous pain or discomfort. The record, including the reports of treating physicians, shows that the chest pains have not been consistent nor have they been severe all the time, and that following hospitalization they have responded to treatment.
 
 
 7
 (App. 16).
 
 
 8
 The ALJ also concluded that plaintiff could not perform his past work as a truck driver primarily because of the heavy loading and unloading requirements associated with such work. He did find, however, that plaintiff still retained the capacity for light work. This conclusion is supported by two evaluations of physical residual functional capacity, one done on January 20, 1984, and the other on February 15, 1984. Further support is found in the testimony of the plaintiff at the hearing as to his capabilities as well as the ALJ's personal observation of the claimant. There is no doubt that Sawyer is limited in what he can do compared to the work he did for all his adult life. Even within his new limitations, however, we find the ALJ's conclusion as to his residual functional capacity are supported by substantial evidence.
 
 II.
 
 9
 Plaintiff's argument that he should have been declared disabled as a result of his condition matching those found in the listing of impairments is somewhat harder to deal with. This is primarily due to the fact that this specific claim was never made until this appeal so there are neither medical opinions nor ALJ conclusions specifically on this issue. It would appear that if a claimant wants to seriously pursue this type of a claim, a better record should be made; i.e., the testimony of a medical expert who would testify that the medical condition of the claimant met the listing of impairments found in the Secretary's regulations.
 
 
 10
 Appendix 1 contains "listed impairments" deemed severe enough to be disabling as a matter of law. Specifically, Sawyer asserts his impairment meets that listed in 20 C.F.R., Part 404, Subpart P, Appendix 1, Sec. 4.04 A.1. or B.7. (1986):
 
 
 11
 4.04 Ischemic heart disease with chest pain of cardiac origin as described in 4.00 E With:
 
 
 12
 A. Treadmill exercise test (see 4.00F and G) demonstrating one of the following at an exercise level of 5 METs or less:
 
 
 13
 1. Horizontal or downsloping depression (from the standing control) of the ST segment to 1.0 mm. or greater, lasting for at least 0.08 seconds after the J junction, and clearly discernible in at least two consecutive complexes which are on a level baseline in any lead; or
 
 
 14
 ....
 
 
 15
 B. In the absence of a report of an acceptable treadmill exercise test (see 4.00G), one of the following:
 
 
 16
 ....
 
 
 17
 7. Angiographic evidence (see 4.00H) (obtained independent of Social Security disability evaluation) showing one of the following:
 
 
 18
 ....
 
 
 19
 b. 70 percent or more narrowing of a proximal coronary artery (see 4.00H3) (excluding the left main coronary artery); ....
 
 
 20
 Plaintiff states in his brief that "[c]learly the stress test performed January 7, 1984, demonstrates exactly what the listing of impairments requires." (Appellant's Brief at 5). Unfortunately, although the report of the stress test does reflect a "1 mm. ST segment depression which was flat in V4 of the 2 minute post-exercise EKG," it does not reference the other necesary components of the listing. Although these might, in fact, be present, it is the claimant's responsibility to build a medical record that meets the listing of impairments. This was not done here. Similarly, the Sec. 4.04 B.7. listing is not matched by the medical record in a manner which indicates the ALJ's conclusions were erroneous.
 
 
 21
 AFFIRMED.